**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ROGER TEDI EDWARDS,

                          Petitioner,

v.

CDCR, STATE OF CALIFORNIA,

                          Respondents.

Case No.:  26-cv-1245-BJC-VET

**ORDER:**

**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2] AND**

**(2) DISMISSING CASE WITHOUT PREJUDICE**

Petitioner Roger Tedi Edwards ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a 2024 San Diego County Superior Court judgment of conviction, accompanied by a motion for leave to proceed in forma pauperis.  (ECF Nos. 1-2.)

**MOTION TO PROCEED IN FORMA PAUPERIS**

Upon review, Petitioner has $0.00 on account at the California correctional institution in which he is presently confined (*see* ECF No. 2 at 5, 7), and he cannot afford the $5.00 filing fee.  Accordingly, the Court **GRANTS** Petitioner's motion to proceed in forma pauperis and allows him to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security.  The Clerk of Court will file the Petition without prepayment of the filing fee.

1

**FAILURE TO NAME A PROPER RESPONDENT**

Petitioner fails to name the state officer having custody of him as respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing R. 2(a), Rules Governing Section 2254 Cases (2019). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.*, quoting R. 2(a), Rules Governing Section 2254 Cases (2019), advisory committee's note. Here, Petitioner has incorrectly named "CDCR" and "State of California" as Respondents. (ECF No. 1 at 1.) In order for this Court to entertain the Petition, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam); *see also Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968) ("The actual person who is [the] custodian [of the petitioner] must be the respondent.") Thus, the Petition is subject to dismissal for failure to name a proper Respondent.

**CONCLUSION AND ORDER**

Accordingly, the Court **GRANTS** the motion to proceed in forma pauperis [ECF No. 2] and **DISMISSES** the Petition without prejudice for failure to name a proper Respondent.[1] If Petitioner wishes to re-open and proceed with this habeas action, he must

---

[1] The Court also notes Petitioner alleges exhaustion as to seven of his eight enumerated claims (Claims 1-7, *see* ECF No. 1 at 6-12), but because his eighth claim appears to allege errors by the California Supreme Court in the state court post-conviction process (*see id.* at 13), it appears unnecessary to sua sponte make a preliminary determination as to exhaustion. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam) "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."); *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997) (rejecting federal habeas claim alleging error in state post-conviction

submit, no later than **May 1, 2026**, a copy of this Order along with a completed Amended Petition form that cures the pleading deficiencies outlined in the instant Order.  ***The Clerk of Court is directed to send Petitioner a blank 28 U.S.C. § 2254 Amended Habeas Petition form together with a copy of this Order.***

**IT IS SO ORDERED**.

DATED:  March 3, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

process, reasoning "errors concerning such a process are not cognizable in federal habeas proceedings."), citing *Franzen*, 877 F.2d at 26; *see also Gutierrez v. Griggs*, 695 F.2d 1195, 1197-98 ("When a state prisoner has failed to allege a deprivation of a federal right, § 2254 does not apply and it is unnecessary for us to determine whether the prisoner satisfied the § 2254(b) exhaustion requirement."), citing *Engle v. Isaac*, 456 U.S. 107, 120 n. 19 (1982).

26-cv-1245-BJC-VET