**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ROGER TEDI EDWARDS,

Petitioner,

v.

PAT HORN, Warden, et al.,

Respondents.

Case No.:  26-cv-1245-BJC-VET

**ORDER:**

**(1) DENYING MOTION FOR RELEASE WITHOUT PREJUDICE AS PREMATURE AND**

**(2) DENYING MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE**

**[ECF No. 5]**

On February 17, 2026, Petitioner Roger Tedi Edwards ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a 2024 San Diego County Superior Court judgment of conviction, and subsequently filed a motion for leave to proceed in forma pauperis.  (ECF Nos. 1-2.)  On March 4, 2026, the Court granted Petitioner's motion to proceed in forma pauperis, dismissed the case without prejudice for failure to name a proper Respondent and instructed Petitioner that if he wished to reopen and proceed with the instant habeas action, he must

1

submit a completed Amended Petition form that cured the identified pleading deficiencies on or before May 1, 2026.  (ECF No. 3.)  On April 1, 2026, Petitioner filed a completed Amended Petition form along with a document that has been docketed as a motion to appoint counsel and motion for release.  (ECF Nos. 4-5.)

### **MOTIONS TO APPOINT COUNSEL AND FOR RELEASE**

In the document filed with the Amended Petition, which has been captioned as "Re: Amended Writ of Habeas Corpus, Motion for attorney/release," Petitioner moves for the appointment of counsel, requests "discovery" of allegedly lost transcripts and documents, and moves for "immediate release."  (ECF No. 5.)  The Court addresses Petitioner's requests in turn below.

First, to the extent Petitioner seeks immediate habeas relief and specifically release from custody pursuant to a grant of relief, any such request is presently premature. Although the Court has not dismissed the Amended Petition, the Court has also not at this time ordered any response.  *See* R. 4, Rules Governing Section 2254 Cases (2019) (providing for preliminary review of a habeas petition filed by a state prisoner, and in relevant part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.  If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."); *see also* R. 5, Rules Governing Section 2254 Cases (2019) (providing for Answer, Reply and lodgment of relevant transcripts and records to adjudicate habeas petition, and specifically providing in Rule 5(a) that: "The respondent is not required to answer the petition unless a judge so orders.")  Here, Petitioner alleges he "ha[s] been incarcerated nearly 27 months on this wrongful conviction due to the court allowing inconsistent testimony" (*see* ECF No. 5 at 1), but Petitioner fails to make any attempt to demonstrate that his case warrants habeas relief prior to full briefing, much less that such relief is merited based on the Petition alone.  As such, the Court **DENIES** this motion without prejudice as premature.

26-cv-1245-BJC-VET

Alternately, to the extent Petitioner's request for "immediate release" could be liberally construed as a motion for bail pending the adjudication of his habeas petition, Petitioner does not assert, nor does he attempt to show, that his case presents special circumstances or a high probability of success which could conceivably warrant such consideration. *See Benhoff v. Sherman*, Case No. 19-cv-2191-GPC-MDD, 2020 WL 5905180, at *3 (S.D. Cal. Oct. 6, 2020) ("If district courts have that authority (to grant bail pending resolution of a habeas petition), we have indicated that it is reserved for 'extraordinary cases involving special circumstances or a high probability of success.'"), quoting *United States v. McCandless*, 841 F.3d 819, 822 (9th Cir. 2016); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."), quoting *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

The Court next addresses Petitioner's request for "discovery," in which Petitioner alleges that his transcripts and materials failed to accompany him during a prior transfer between San Diego County jail facilities on "December 10th-11th [year not identified]" and a later transfer to a California state facility, purportedly due to jail personnel throwing out his property, and alleges that he has encountered a "runaround" in his subsequent attempts to recover those materials. (ECF No. 5 at 1.) As an initial matter, this request does not appear to be for discovery, as Petitioner does not indicate he seeks any *new* documents or information, as it instead appears Petitioner seeks the return or replacement of previously held and purportedly lost materials. Petitioner also does not allege or indicate that any loss of materials impeded or adversely impacted his ability to file the initial federal habeas petition, which the Court notes was filed-stamped as received on February 17, 2026, (*see* ECF No. 1 at 1), and which appears to have been filed, at a minimum, several months after the contested events surrounding the transfers. Nor does Petitioner contend the missing materials adversely impacted his ability to draft his amended petition.

Thus, because Petitioner's claims about the asserted actions of jail personnel and the alleged loss of property appear to solely concern the conditions of his confinement, these

26-cv-1245-BJC-VET

contentions do not appear cognizable on federal habeas corpus.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus," while "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973).  Any such claims or challenges to Petitioner's conditions of confinement must be brought, "'if at all,' under § 1983."  *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983."), quoting *Preiser*, 411 U.S. at 487; *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011).

Finally, the Court turns to Petitioner's motion for the appointment of counsel to represent him in his federal habeas corpus proceeding "if the Court views appropriate." (ECF No. 5 at 1.)  District courts are provided with statutory authority to appoint counsel in a federal habeas case when a petitioner is financially eligible and "the court determines that the interests of justice so require" pursuant to 18 U.S.C. § 3006A(a)(2)(b), but the Ninth Circuit has also held that "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations."  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted).

Here, Petitioner generally asserts that he "need[s] help" and cites the limited law library access, "inhumane conditions" and "treatment of people" at his current place of incarceration and alleges: "I additionally believe the last assigned attorney pretended to read the record but did nothing." (ECF No. 5 at 1.)  Yet, Petitioner has not shown that the circumstances of this case are such that appointed counsel is needed or warranted at this time.  The Court's review of the petition, amended petition, and Petitioner's recent motions reflect that Petitioner has demonstrated the ability to articulate and communicate his

26-cv-1245-BJC-VET

requests and claims; the Court therefore finds counsel does not appear necessary to assist Petitioner, nor is any such appointment required to prevent due process violations. *See e.g. LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (district court did not abuse discretion is declining to appoint counsel where "district court pleadings illustrate to us that [the petitioner] had a good understanding of the issues and the ability to present forcefully and coherently his contentions."); (*see also e.g.* ECF Nos. 1, 4, 5); *see Chaney*, 801 F.2d at 1196.  Accordingly, the Court **DENIES** the motion without prejudice to later renewal.

**CONCLUSION AND ORDER**

For the reasons discussed above, the Court **DENIES** the motion for immediate release and/or habeas relief [ECF No. 5] without prejudice as premature and **DENIES** the motion to appoint counsel [ECF No. 5] without prejudice.

**IT IS SO ORDERED**.

DATED:  June 8, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge

26-cv-1245-BJC-VET