**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ROGER TEDI EDWARDS

Petitioner,

v.

PAT HORN, Warden, et al.,

Respondents.

Case No.: 26-cv-1245-BJC-VET

**ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION**

**[ECF No. 15]**

Petitioner Roger Tedi Edwards ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, on February 17, 2026, challenging his conviction. ECF No. 1. On April 1, 2026, Petitioner filed an Amended Petition for a Writ of Habeas Corpus. ECF No. 4. On August 21, 2026, Petitioner filed an Emergency Motion for Preliminary Injunction, challenging his Parole Release Papers. ECF No. 15. Petitioner alleges that he received his Parole Release Papers on August 12, 2026 and is requesting an emergency preliminary injunction because he "foresee[s] some problems" moving forward and has "been subject to discrimination due to how CDCR employees have written the report." *Id*. at 1.[1] Those problems appear to include conditions relating to his parole, such as "being labeled as a violent felon," "not being able to travel further than 50 miles without permission," not being able to "possess alcohol" despite being a licensed beer vendor, and possibly being required to wear an "electronic in home

[1] "CDCR" is an abbreviation for the California Department of Corrections and Rehabilitation.

monitor device." *Id*. at 1-2. Petitioner also objects to a "special condition that [he is] prohibited from possessing documents or items related to this case." *Id*. at 1.

Despite Petitioner's concerns and grievances, he has not described the "injunction" remedy sought nor has he addressed the requisite standard for injunctive relief. Injunctive relief is an "extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). A petitioner seeking a preliminary injunction must satisfy *Winter*'s four-factor test and show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20 (citations omitted); *see also Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) ("'[S]erious questions going to the merits' and a hardship balance that tips sharply toward the [petitioner] can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met."). Any injunctive relief "must be tailored to remedy the specific harm alleged." *Lamb-Weston, Inc. v. McCain Foods, Ltd*, 941 F.2d 970, 974 (9th Cir. 1991) (citation omitted).

Here, Petitioner failed to address the *Winter* test, let alone provide any facts demonstrating he will suffer irreparable harm in the absence of such relief. Indeed, Petitioner concedes that any harm is not imminent and is merely speculative. *See* ECF No. 15 at 1 ("[I] would like to request emergency preliminary injunctions as I *foresee* some problems ….") (emphasis added). Future harm is an insufficient basis for injunctive relief. *See Winter*, 555 U.S. at 21 (finding plaintiffs did not demonstrate a likelihood of irreparable injury because the "alleged injuries are too speculative to give rise to irreparable injury"). This alone is reason to deny Petitioner's injunctive request. However, this error aside, it is unclear what intervention Petitioner is even seeking from the Court.

To the extent Petitioner seeks modification of his parole conditions not related to the length or the fact of his confinement, such requests are not cognizable on federal habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973) ( "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks

is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus," while "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."). Petitioner appears to understand this considering he has filed a separate Section 1983 claim. ECF No. 15 at 1 ("This began shortly before KVSP started harassing me with non-sensical write ups to push back scheduled release date from Feb 5 and is also mentioned on 1983 filed in Eastern District w/ #26-CV-06181-ECG.").[2] Although "[c]hallenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus," *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted), it appears to the Court that Petitioner may actually be challenging his parole conditions in an effort to seek immediate habeas relief as it relates to his parole conditions. *See* ECF No. 15 at 2 ("Therefore I request the court to please intervene with mandates issued by CDCR or grant relief on September 4th, 2026 after the release from KVSP."). If this is true, Petitioner's request is premature. As this Court previously ordered, Petitioner has not shown that "his case warrants habeas relief prior to full briefing[.]" ECF No. 6 at 2 (Order denying Motion for Release).

Petitioner's Motion also details a "special condition" that prohibits him from possessing or receiving "documents or items related" to his conviction and trial. *Id*. at 1-2. Petitioner requested the Court to "please order CDCR to remove this condition as it directly interferes with my right to fight my cases and access to the courts." *Id*. at 2. To the extent Petitioner seeks an injunction requiring Respondents to take the affirmative action of providing Petitioner with evidence and documents related to his conviction, "[t]his relief is treated as a mandatory injunction," which is "'particular disfavored'" because it orders one party to take certain action. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)).

---

[2] "KVSP" is an abbreviation for Kern Valley State Prison.

Mandatory relief should be denied unless the facts clearly favor the moving party. *Id*. As Petitioner has failed to demonstrate any facts addressing the *Winter* test, a mandatory injunction is inappropriate.

Nonetheless, any request for mandatory preliminary relief is procedurally incorrect. Should Petitioner choose to do so, he will have an opportunity in the future to request discovery from Respondents. *See, e.g.*, Rule 6. Discovery, Rules Governing Section 2254 Cases and Section 2255 Proceedings (Amend. Dec. 1, 2019). Upon review of the current record, any discovery request compelling Respondents to give Petitioner certain documents is premature.

The Court, having considered Petitioner's Emergency Motion for Preliminary Injunction, HEREBY ORDERS AS FOLLOWS:

1. Petitioner's Emergency Motion for Preliminary Injunction requesting modifications of his parole conditions is **DENIED**.
2. To the extent Petitioner is requesting immediate habeas relief from his parole conditions, Petitioner's Emergency Motion for Preliminary Injunction is **DENIED WITHOUT PREJUDICE**.
3. Petitioner's Emergency Motion for Preliminary Injunction seeking possession of evidence relating to his underlying charges and future documents is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: September 21, 2026

Honorable Benjamin J. Cheeks
United States District Judge